Raymond Lewis HOUSE *v.* STATE of Arkansas

CA CR 86-74                                    722 S.W.2d 886

Court of Appeals of Arkansas
Opinion delivered February 4, 1987

*Robert F. Morehead*, for appellant.

No objection.

PER CURIAM. The appellant in this criminal case, Raymond Lewis House, retained attorney Robert F. Morehead to represent

him on appeal. Mr. Morehead moved to be relieved as counsel, stating that he found the appeal to be without merit. An abstract of the proceedings, a statement of the case, and an affidavit of no merit were filed by Mr. Morehead. However, he has failed to brief matters in the record that might arguably support an appeal, or to list the appellant's objections and motions that were overruled or denied at trial, as required by the Arkansas Supreme Court and Court of Appeals Rules of Appellate Procedure. The Office of the Attorney General has supplied a list of the appellant's objections in a brief for the State concurring in Mr. Morehead's opinion that the appeal was without merit, and citing authority to support that proposition.

The question which presents itself is whether a no-merit appeal brief written entirely by the State comports with the constitutional requirements of equal protection and due process set out in *Anders* v. *California*, 386 U.S. 739 (1967), and *Evitts* v. *Lucey*, 469 U.S. 387 (1985), as well as the requirements of Rule 11(h). *Anders* involved a no-merit motion filed by appointed counsel in a criminal case. The Supreme Court held that a mere affidavit of no-merit was insufficient, and stressed the importance of the attorney acting in the capacity of an advocate in such cases:

> Hence California's procedure did not furnish petitioner with counsel acting in the role of an advocate. . . . The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity.

386 U.S. at 743-744. In a recent case, a Texas appellate court has held that *Evitts* and *Anders*, read together, require that the *Anders* procedure for handling no-merit appeals should apply in the case of retained counsel, as well as appointed counsel. *See Roberts* v. *State*, 705 S.W.2d 803, 805 (Tex. App. 1986). Because it is arguable that affirming a conviction wholly on the strength of a brief drafted by the State would constitute a denial of the due process right to effective assistance of counsel enunciated in *Evitts*, we direct that Mr. Morehead comply with the requirements of *Anders*, *Evitts*, and Rule 11(h), by filing a proper brief on or before March 4, 1987.