Carroll Ray PETTY *v.* STATE of Arkansas

CA CR 89-325 788 S.W.2d 744

Court of Appeals of Arkansas
Division II
Opinion delivered May 16, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Jerry J. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Circuit Court. Appellant, Carroll Ray Petty, pled guilty to two counts of forgery in the second degree and was placed on probation December 1, 1988, for five years with supervision for two years. His probation was conditioned upon compliance with written conditions of probation. In March of 1989, the state filed a petition for revocation of appellant's

probation alleging numerous violations of probation conditions. On August 25, 1989, appellant filed a motion to dismiss based on Arkansas Code Annotated Section 5-4-310(b)(2) (1987) which requires revocation hearings to be held "within a reasonable period of time, not to exceed 60 days, after the defendant's arrest." At the hearing on August 28, 1989, the court denied appellant's motion to dismiss, found that appellant violated the conditions of probation imposed in 1988, and sentenced him to the remaining four years of probation and ordered payment of fines, fees, and restitution. We affirm.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved as counsel and a brief concluding that there is no merit to this appeal. Appellant was notified of his right to file a *pro se* brief in accordance with Rule 11(h) of the Rules of the Supreme Court and Court of Appeals and he has not done so within the thirty days permitted. The state concurs that this appeal has no merit. We agree.

The issues which might arguably support an appeal include the sufficiency of the evidence to revoke appellant's probation and the court's denial of appellant's motion to dismiss. Pursuant to *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), we first address the sufficiency of the evidence to revoke appellant's probation. At the hearing, testimony was presented by appellant's probation officer that appellant did not report to him for a five month period even though the terms of his probated sentence required him to do so on a monthly basis. The officer also testified that appellant did not make one payment as ordered toward restitution, fees, and costs. Appellant acknowledged that he owed the money but testified that he was unable to pay because he could not find a job. He also testified that he did not report to his probation officer because he was "embarrassed."

██ In a hearing on a petition to revoke probation, the burden is upon the state to prove the violation of a condition of the probated sentence, and, on appellate review, the trial court's findings are upheld unless they are clearly against a preponderance of the evidence. *Carson* v. *State*, 21 Ark. 249, 731 S.W.2d 237 (1987). Here, the state offered evidence of noncompliance which appellant did not dispute. Therefore, we cannot say that the court's finding that appellant inexcusably violated the terms

of his probation is clearly against the preponderance.

 The next issue which might arguably support an appeal is the court's denial of appellant's motion to dismiss. Appellant argued that the court erred since his revocation hearing was conducted on the 61st day after his arrest in violation of Arkansas Code Annotated Section 5-4-310 which requires the hearing within 60 days. The record indicates that appellant was arrested on June 29, 1989, and the hearing conducted August 28, 1989. In computing the time period as 61 days, appellant obviously counted the day of his arrest. The specific wording of Arkansas Code Annotated Section 5-4-310(b)(2) states that the hearing must be held within 60 days "after" the defendant's arrest. Therefore, for purposes of computation, counting would begin on the day following appellant's arrest, June 30, 1989, followed by 31 days in July, and 28 days in August for a total of 60 days. We cannot conclude that the court erred in overruling appellant's motion since the hearing was conducted in compliance with Arkansas Code Annotated Section 5-4-310.

We agree that no reversible error was committed in these proceedings.

Affirmed.

COOPER and JENNINGS, JJ., agree.