Billy BIGHAM *v*. STATE of Arkansas

CA CR 91-7                                  820 S.W.2d 462

Court of Appeals of Arkansas
Opinion delivered October 23, 1991

*John Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeff Vining*, Asst. Att'y Gen., for appellee.

PER CURIAM. Billy Bigham filed an appeal from an order revoking his probation and sentencing him to a term of six years in the Arkansas Department of Correction. His attorney, John L. Kearney, has moved to be relieved as counsel on grounds that the

appeal is without merit. Counsel's motion is accompanied by an "abstract and brief" that consists entirely of a statement of the case, a statement that the appeal is without merit, a four-page abstract, and a conclusion. The State has filed a brief in which it argues that the evidence was sufficient to support the revocation.

Motions to be relieved as counsel for criminal defendants are governed by Ark. Sup. Ct. R. 11(h), which was adopted by our supreme court in order to insure the constitutional guarantees of equal protection and due process set out in *Anders* v. *California*, 386 U.S. 738 (1967). Rule 11(h) provides in pertinent part:

> A request to withdraw on grounds that the appeal is wholly without merit shall be accompanied by a brief referring to anything in the record that might arguably support the appeal, together with a list of all objections made by the appellant and overruled by the court and of all motions and requests made by the appellant and denied by the court, accompanied by a statement as to the reason counsel considers that the points thus raised would not arguably support the appeal.

Counsel's "brief" in this case fails to meet any of the requirements of Rule 11(h) set out above. The mere assertion by counsel that the appeal is without merit is insufficient. These deficiencies cannot be cured by the State's brief. *See House* v. *State*, 20 Ark. App. 28, 722 S.W.2d 886 (1987).

Mr. Kearney's motion to be relieved as counsel is denied, and we direct that he comply with the requirements of Rule 11(h) and *Anders* v. *California*, *supra*, by filing a proper brief in support of his motion on or before November 25, 1991.