Christopher TAYLOR *v.* STATE of Arkansas

CA CR 97-1495                            973 S.W.2d 840

Court of Appeals of Arkansas
Division I
Opinion delivered September 16, 1998

*Dana R. Davis,* for appellant.

No reponse.

D. FRANKLIN AREY, III, Judge. The Mississippi County Circuit Court revoked appellant Christopher Taylor's probation, and sentenced him to twenty years in the Arkansas Department of Correction. Appellant brings this appeal from the revocation of his probation. Appellant's attorney has filed a motion to withdraw as attorney of record, an abstract, and a brief, seeking to withdraw pursuant to Ark. R. Sup. Ct. 4-3(j). We find that the abstract and brief submitted by appellant's attorney are not in compliance with Rule 4-3(j) and *Anders v. California,* 386 U.S. 738 (1967). Accordingly, we order rebriefing.

The abstract is deficient. *See* Ark. R. Sup. Ct. 4-2(a)(6). Although appellant pled guilty to an earlier charge of battery, and received a term of ten years' supervised probation, the terms and conditions of appellant's probation are not abstracted. Likewise, the petition for revocation filed by the State, which led to the revocation appealed from, is not sufficiently abstracted; the abstract indicates that the petition "alleg[es] violations of [appellant's] terms and condition of probation," but those alleged violations are not abstracted. Because this appeal involves the revocation of appellant's probation, we must know the terms and conditions of his probation, and which of those terms and conditions were allegedly violated.

■ ■ Further, the brief fails to cite any authorities, and contains absolutely no argument. "The mere assertion by counsel that the appeal is without merit is insufficient." *Bigham v. State*, 36 Ark. App. 22, 23, 820 S.W.2d 462 (1991). We note that appellant's probation was revoked following a bench trial. Thus, even if appellant did not question the sufficiency of the evidence below, that issue may be raised on appeal. *See Witherspoon v. State*, 322 Ark. 376, 909 S.W.2d 314 (1995); *see also Petty v. State*, 31 Ark. App. 119, 788 S.W.2d 744 (1990) (considering the sufficiency of the evidence in a "no merit" appeal, even though that issue was not raised in the bench trial). Appellant's attorney should set forth the State's evidence and explain its sufficiency for the revocation of appellant's probation. *Cf. Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997) (requiring such a discussion when the denial of a motion for directed verdict was mentioned).

Appellant's attorney is directed to file a new brief on or before October 19, 1998. In accordance with Rule 4-3(j)(2), appellant will then have thirty days from that date to raise any additional points.

■ Rebriefing ordered.

NEAL and CRABTREE, JJ., agree.