Jeffrey Lamar RICHARDSON *v.* STATE of Arkansas

CA CR 03-1066                                          157 S.W.3d 536

Court of Appeals of Arkansas
Division III
Opinion delivered March 10, 2004

*John Henderson Bradley*, for appellant.

*Mike Beebe*, Att'y Gen., by: *M.W. Borkowski*, Ass't Att'y Gen., for appellee.

Robert J. Gladwin, Judge. Appellant Jeffery Lamar Richardson appeals from an order by the Mississippi County Circuit Court that revoked his ten-year suspended imposition of sentence on a residential burglary charge and sentenced him to five years' imprisonment with an additional five years' suspended imposition of sentence. He argues that the trial court erred in revoking his suspended imposition of sentence because he did not violate a written term or condition of his suspended sentence and that the trial court was without jurisdiction to revoke the suspended sentence prior to the commencement of the period of suspension. We affirm.

On January 15, 2003, appellant entered two guilty pleas. The first was for theft of property, for which he was sentenced to eleven years' imprisonment. The second was for residential burglary, for which he was given ten years' suspended imposition of sentence. After the trial court accepted appellant's guilty pleas and sentenced him, it allowed him to remain out of custody until the following Monday morning, January 20, 2003, at which time he was to report to the sheriff to begin serving his sentences. The court advised appellant that if he did not surrender himself when he was supposed to, he could be sentenced for an additional twenty years. The court engaged in a colloquy with appellant, making sure he understood when he should report back and how important it was that he do so.

Appellant failed to appear the following Monday. Major Jerry Arnold with the Mississippi County Sheriff's Department testified that appellant made no contact with the sheriff's office. Officer Mark Cretch with the Blytheville Police Department testified that he was aware of a warrant being issued for appellant, and that on February 20, 2003, he received information as to where appellant might be located. Officer Cretch testified that while he and his partner were driving around, he saw appellant drive by. The police initiated a stop, and as Officer Cretch was approaching the vehicle, it took off at a high rate of speed. The officer testified that they pursued the subject and saw him leave the vehicle and proceed on foot. Officer Cretch said that they continued to pursue appellant, narrowed their search to an area surrounding two houses, and eventually found appellant hiding under one of the houses.

Appellant was brought back before the court on a petition to revoke the suspended imposition of sentence that had been filed January 22, 2003. The trial court found that appellant had violated the terms and conditions of the ten-year suspension imposed in the

residential burglary case, and sentenced him to five years' imprisonment with an additional five years' suspended imposition of sentence. The sentence imposed upon revocation was to be served consecutively to the eleven-year sentence that had been imposed in the theft case. Appellant appeals from the revocation of the suspended imposition of sentence.

To revoke probation or a suspension, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. Ark. Code Ann. § 5-4-309 (Supp. 2001); *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Rudd, supra.* When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Peterson v. State*, 81 Ark. App. 226, 100 S.W.3d 66 (2003). Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id.*

Appellant first argues that he did not violate a written term or condition of his suspension by not turning himself in to the sheriff's department as ordered. His argument has two parts: (1) that there was no written condition of behavior that appellant should surrender on January 20, 2003, as required by Ark. Code Ann. § 5-4-303(g) (Supp. 2001), and (2) that the "good behavior" and "law-abiding life" conditions of his suspension were not violated by appellant's failure to turn himself in as ordered.

Arkansas Code Annotated section 5-4-303(g) provides that "[i]f the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released." In *Zollicoffer v. State*, 55 Ark. App. 166, 934 S.W.2d 939 (1996), we cited the supreme court's statement in *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980), that all conditions for a suspended sentence must be in writing if the suspended sentence is to be revocable, and that courts therefore have no power to imply and subsequently revoke based upon conditions that were not expressly communicated in writing to a defendant as a condition of his suspended sentence.

■ The record reflects that on January 15, 2003, appellant signed the written terms and conditions of the suspended sentence in the case involving residential burglary. Appellant is correct in his statement that the court's directive that appellant surrender himself to the sheriff's department on January 20, 2003, was not a written condition of his suspension. However, the written conditions signed by appellant do specify that appellant "shall live a law-abiding life [and] be of good behavior," and appellant is incorrect in his statement that his decision not to surrender to the sheriff's office did not violate these written conditions. We do not hesitate to conclude that appellant's failure to surrender, particularly after being fully advised by the court of the necessity of such and the consequences of not doing so, constitutes an overt demonstration of lack of good behavior. Accordingly, we cannot say that the trial judge's finding that appellant had violated the "good behavior" and "law-abiding life" conditions of his suspension was against the preponderance of the evidence.

Appellant also argues that, based on the decision in *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003), the period of suspension had not commenced and, therefore, the trial court was without authority to revoke the suspended sentence. *Harness* is distinguishable from the case at bar in that Harness was sentenced for one crime to a term of imprisonment with an additional period of suspended sentence, while appellant was sentenced for two separate crimes, for one receiving a sentence of eleven years' imprisonment, and for the other, the suspended imposition of sentence that is the subject of this appeal. This is an important distinction because, under Ark. Code Ann. § 5-4-307 (Repl. 1997), it is determinative of when the period of suspension commences.

Arkansas Code Annotated section 5-4-307 provides as follows:

(a) Except as provided in subsection (c) of this section, *a period of suspension or probation commences to run on the day it is imposed.*

(b) Multiple periods of suspension or probation, whether imposed at the same or different times, shall run concurrently. *The period of a suspension or probation shall also run concurrently with any federal or state term of imprisonment or parole to which the defendant is or becomes subject during the period.*

(c) If the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of

imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.

(Emphasis added.)

Section (c) is inapplicable in this case; it addresses a situation in which one sentence is given, specifically, a term of imprisonment accompanied by suspended imposition of an additional term. Here, we have a period of suspension on a residential burglary charge imposed during the same time period as a term of imprisonment on a theft charge, and section (b) provides that these two shall run concurrently. Because section (c) is inapplicable, the general provision found in section (a) determines when the suspension commenced, *i.e.*, the period of suspension commenced to run on the day it was imposed, which was January 15, 2003. Thus, the court was acting within its power when it revoked the suspension on March 10, 2003, and sentenced appellant to five years' imprisonment with an additional five years' suspended imposition of sentence. We affirm.

Affirmed.

PITTMAN and BAKER, JJ., agree.