2009 Ark. App. 519

**Bobby Lee GREEN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1157.**

Court of Appeals of Arkansas.

July 1, 2009.

Joseph Paul Mazzanti, III, Lake Village, for appellant.

No response.

LARRY D. VAUGHT, Chief Judge.

On March 13, 2006, in Drew County Circuit Court, appellant Bobby Lee Green pled guilty to the offense of possession of cocaine with the intent to deliver, a class Y felony. Green was placed on probation for a period of ten years subject to certain designated terms and conditions. On February 29, 2008, the State filed a petition to revoke Green's probation. After a hearing, the trial court revoked Green's probation, finding that he had violated probation conditions. Green was ordered to serve seventy-two months in prison plus an additional forty-eight-month suspended sentence.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Green's counsel filed a motion to ₂withdraw, arguing that an appeal in this case is wholly without merit. This type of motion must be accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal, including all motions, objections, and requests decided adversely to appellant, and a statement of reasons why none of those rulings would be a meritorious ground for reversal. Ark. Sup.Ct. R. 4–2(k). Green was provided with a copy of his counsel's brief and was notified of his right to file a list of points on appeal within thirty days, but he has not done so.

Green's counsel states in his brief that there were only two adverse rulings at the revocation hearing—the revocation itself and the trial court's admission of testimony from Green's probation officer that while on probation Green twice tested positive for cocaine. However, our review of the record reveals two additional ad-

verse rulings that were not addressed by Green's counsel (only one of which was abstracted while the other was not). One was the trial court's admission of testimony of the arresting officer concerning Green's mental incapacity. The second involved the State's relevancy objection regarding the officer's testimony about whether Green had been charged with possession of cocaine discovered upon his arrest. Based on these omissions, we order rebriefing in accordance with *Anders, supra,* and Rule 4–3(k).

We also note that the terms and conditions of Green's probation are not included in the addendum in violation of Rule 4–2(a)(8) of the Rules of the Arkansas Supreme Court and |₃Court of Appeals.[1] The petition for revocation only refers to terms and conditions # 1, 6, 15, 16, and 23. And while we can ascertain what these conditions are by reviewing the Drew County Violation Report,[2] this is not in compliance with our rules.

 Rule 4–2(a)(8) requires that an addendum containing all the relevant orders, pleadings, documents, and exhibits in the record that are essential to an understanding of the case. We have long held that the suspension or probation order and its terms or conditions are essential to our review of a revocation order based on a finding that those terms had been violated, and that those items must therefore be included in the abstract or addendum. *Taylor v. State,* 63 Ark.App. 82, 973 S.W.2d 840 (1998). An order cannot be reviewed for error when the addendum fails to include the documents on which the order was based. *Bryan v. City of Cotter,* 2009 Ark. 172, 303 S.W.3d 64 (per curiam).

Based on the above, we order rebriefing, allowing Green's counsel thirty additional days in which to file a substituted brief, abstract, and addendum to cure any and all deficiencies. Ark. Sup.Ct. R. 4–2(b)(3).

Rebriefing ordered.

PITTMAN and GLADWIN, JJ., agree.

---

1. We further note that the terms and conditions of probation are not included in the record.

2. The violation report listed the conditions as (# 1) not commit any felony, misdemeanor or other criminal offense punishable by confinement in jail or prison; (# 6) not possess, buy, consume, sell, or distribute any alcoholic beverages, or controlled substances; (# 15) pay $150.00 court costs to the Sheriff's Office; (# 16) pay $100.00 Public Defender Fee to the Sheriff's Office; and (# 23) pay $250.00 DNA Fee.