2009 Ark. App. 544

**Frankie VON HOLT, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1254.**

Court of Appeals of Arkansas.

July 1, 2009.

Hancock, Lane & Barrett, by: Jonathan T. Lane, Little Rock, for appellant.

No response.

WAYMOND M. BROWN, Judge.

This is a no-merit appeal from the revocation of appellant Frankie Von Holt's suspended sentence. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k)(1) of the Rules of the Supreme Court and Court of Appeals, Holt's counsel filed a motion to withdraw on the ground that an appeal in this matter would be wholly without merit. Holt was provided a copy of his counsel's no-merit brief and was notified of his right to file a list of points on appeal within thirty days. He declined to file any points. The State did not file a responsive brief due to the absence of pro se points. We order rebriefing because counsel has failed to address all the adverse rulings that occurred during the revocation hearing.

Holt entered a plea of nolo contendere to two counts of fleeing and one count of failure to appear, and on January 17, 2002, a judgment was entered sentencing him to 120 days' confinement and a five-year suspended imposition of sentence. Holt was also ordered to pay $2500 in fines and $150 in court costs at the rate of $100 per month following his release. The State filed a petition to revoke the suspended sentence on May 15, 2006, alleging that Holt violated the conditions of his suspension by failing to make any payments toward fines, court costs, and administrative fees. Appellant was served with the petition on September 19, 2007. The revocation hearing took place on July 2, 2008, and the trial court found that Holt violated the terms of his suspended sentence by willfully failing to make payments. Holt was sentenced to six years' imprisonment. The judgment and commitment order was filed on July 16, 2008. Holt filed a timely notice of appeal.

Holt's counsel filed this no-merit appeal asking to withdraw. An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client that were made on any objection, motion, or request made by either party. *Eads v. State*, 74 Ark.App. 363, 47 S.W.3d 918 (2001). The argument section of the brief must contain an explanation of why each adverse ruling is not a meritorious ground for reversal. *Id.* This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark.App. 277, 47 S.W.3d 915 (2001). If counsel fails to address all possible grounds for reversal, this court can deny the motion to withdraw and order rebriefing. *Sweeney v. State*, 69 Ark. App. 7, 9 S.W.3d 529 (2000).

As Holt raised no objections during the revocation proceeding, the only adverse ruling was the decision to revoke his suspended sentence, which is an adverse ruling that must be addressed by counsel seeking to withdraw from representation. *See generally Brown v. State*, 85 Ark.App. 382, 155 S.W.3d 22 (2004) (citing *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001)). To revoke a suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that suspension. Ark.Code Ann. § 5–4–309(d) (Repl.2006); *Richardson v. State*, 85 Ark.App. 347, 157 S.W.3d 536 (2004). The State bears the burden of proof, but need only prove that the defendant violated a single condition. *Id.* When appealing from a revocation determination, a defendant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient to revoke a probationary sentence. *Id.*

Holt's counsel stated that because there were no evidentiary objections or challenges to the sufficiency of the proof, there were no adverse rulings from which to premise an appeal. However, this is incorrect. The revocation itself is an adverse ruling required to be addressed upon a motion to withdraw. *See Brown, supra.* Counsel has not complied with the governing rule requiring him to list "all" adverse rulings and explain why each would not merit reversal. Ark. Sup.Ct. R. 4–3(k)(1). Accordingly, we order rebriefing. In directing rebriefing, we do not express any conclusion as to whether the brief filed by counsel is deficient in any other respect or express an opinion as to whether the new brief should be on the merits or should be made pursuant to *Anders, supra,* and Ark. Sup.Ct. R. 4–3(k)(1). Counsel has thirty days in which to file an updated brief addressing Holt's revocation.

Rebriefing ordered.

ROBBINS and GRUBER, JJ., agree.