SLIP OPINION

Cite as 2014 Ark. App. 603

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–836

DONNIE SLATER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** November 5, 2014

APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT
[NO. CR–2012-75]

HONORABLE DAVID G. HENRY, JUDGE

MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE; REBRIEFING ORDERED

## JOHN MAUZY PITTMAN, Judge

Donnie Slater appeals from his convictions of delivery of a controlled substance and unlawful use of a communication device, for which he was sentenced as a habitual offender to consecutive terms of twenty and ten years, respectively. His sentence for the delivery conviction was enhanced by another ten years because the offense was committed within 1000 yards of a day-care facility.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), appellant's counsel has filed a motion to be relieved, stating that there is no merit to the appeal. The motion is accompanied by an abstract and addendum of the proceedings below, and a brief in which counsel purports to explain why there is nothing in the record that would arguably support an appeal. Appellant was notified of his right to file pro se points

for reversal. He did file points, drawing attention to the possibility that the sentence imposed was illegal because, he argues, he was not charged under the habitual–offender statute.

The State argues that the sentence was legal, by reference to a charging instrument in the record purportedly showing that appellant was charged as a habitual offender, and states that the trial court made a clerical error by failing to note appellant's habitual–offender status on the judgment appealed from. The State asks us to grant the motion to relieve appellant's attorney, affirm the judgment on the basis of the referenced charging instrument, and remand to the trial court for correction of the clerical error. However, the charging instrument to which the State refers does not appear in the addendum.

We deny the motion to be relieved without prejudice. Appellant's attorney has failed to discuss a possible error that is apparent on the face of the abstract and addendum, and we cannot grant a motion to be relieved on the strength of a brief submitted by the State. *House v. State*, 20 Ark. App. 28, 722 S.W.2d 886 (1987). Illegality of a sentence is an issue that can be raised for the first time on appeal, and we will not grant a motion to be relieved under Rule 4–3(k) until the appellant's counsel has provided an abstract and addendum of the material parts of the record and an adequate discussion as to why potential issues do not provide meritorious grounds for appeal. *See Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. Therefore, appellant's counsel is directed to file a substituted abstract, brief, and addendum, correcting this and any other deficiencies, within fifteen days from the date of this opinion.

Motion to withdraw denied without prejudice; rebriefing ordered.
GLADWIN, C.J., and WYNNE, J., agree.
*Law Office of Jeffrey Weber, PLLC*, by: *Jeffrey Weber*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.