SLIP OPINION

Cite as 2015 Ark. App. 11

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-466

| | |
|---|---|
| MARCUS MARTEZ SIMS<br>APPELLANT | **Opinion Delivered** JANUARY 14, 2015 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-2010-1218] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## DAVID M. GLOVER, Judge

In October 2010, appellant Marcus Sims entered a negotiated plea of guilty to one count of sale or delivery of a controlled substance (cocaine). He was sentenced to five years' incarceration, to be followed by a ten-year suspended imposition of sentence. In April 2013, the State filed a petition to revoke Sims's suspended sentence and filed an amended petition later that month. The State filed a second amended petition for revocation in February 2014. After a revocation hearing on February 14, 2014, the trial court revoked Sims's suspended sentence on the bases that he had paid nothing toward his fine and costs and that he sold crack cocaine to a confidential informant on two separate occasions. Sims was sentenced to twelve years' incarceration, to be followed by an eight-year suspended imposition of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, appellant's counsel has filed a motion to

withdraw on the grounds that the appeal is without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to appellant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file pro se points. Sims has filed no points. For the reasons discussed below, we deny counsel's motion to withdraw and order rebriefing.

We must order rebriefing because the two amended petitions for revocation are not contained in the addendum. Additionally, the conditions of Sims's probation are not contained in the addendum. Arkansas Supreme Court Rule 4–2(a)(8)(A) (2014) requires that the addendum contain all relevant pleadings, orders, documents, and exhibits in the record that are essential to an understanding of the case. In *Snyder v. State*, 2010 Ark. App. 817, this court ordered rebriefing because the revocation petitions were not in the addendum, explaining that the petitions were essential to the understanding of the case because an order could not be reviewed for error when the addendum did not contain the documents on which the order was based. Here, the second amended petition contained one of the bases on which the trial court revoked Sims's suspended sentence—two sales of crack cocaine to the confidential informant. Furthermore, in *Green v. State*, 2009 Ark. App. 519, 334 S.W.3d 418, this court ordered rebriefing when the terms and conditions of probation were not included in the addendum, explaining that the terms and conditions were essential to our

appellate review in determining whether those conditions had been violated. In the present case, the terms and conditions of Sims's suspended sentence, while in the record, are not contained in the addendum.

Rebriefing ordered; motion to withdraw denied.

GRUBER and HIXSON, JJ., agree.

*S. Butler Bernard, Sr.*, for appellant.

No response.