

# ARKANSAS COURT OF APPEALS

### DIVISION I
No. CV–14–860

| | |
|---|---|
| S.C.<br>APPELLANT | **Opinion Delivered** February 25, 2015 |
| V. | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT<br>[NO. JV-2014-217] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARBARA HALSEY, JUDGE |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BART F. VIRDEN, Judge

The Craighead County Circuit Court adjudicated appellant S.C. delinquent for filing a false report of rape. She challenges the sufficiency of the evidence convicting her. We remand to the circuit court to settle and supplement the record and order rebriefing due to deficiencies in S.C.'s abstract and addendum.

At trial, an audio CD of a police interview with S.C. was played in open court and introduced into evidence as an exhibit. Unless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before the court or the jury. Ark. Sup. Ct. Admin. Order No. 4(a). When a transcript is required and is to be prepared from an audio recording, the official court reporter of the circuit judge to which the case is assigned shall be responsible for preparing the transcript. Ark. Sup. Ct. Admin. Order No. 4(e)(4). We remand for a

transcript of the audio recording of the interview to be prepared and certified within thirty days of this opinion. Ark. R. App. P.–Civ. 6(e) (2014); *Dillard v. State*, 2012 Ark. App. 503 (remanding to settle the record where there was no indication that a transcript of a 911 recording that was introduced into evidence was prepared at the direction of the circuit court in lieu of a transcription of the recording actually played at trial or that the parties waived on the record the making of an official transcription). After the record is settled, S.C. is ordered to abstract the interview pursuant to Arkansas Supreme Court Rule 4-2(a)(5) (2014) and include a copy of the CD in her addendum pursuant to Arkansas Supreme Court Rule 4-2(a)(8)(A)(i). *Copeland v. State*, 2013 Ark. App. 6 (ordering rebriefing where video recording of interview with police was played in open court, yet the text of the interview was not abstracted and no copy of the disc containing the recording was included in the addendum).

S.C. failed to include the petition filed by the State alleging that she committed the offense of filing a false report with a law-enforcement agency. The addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to understand the case. Ark. R. Sup. Ct. 4-2(a)(8). Having the State's petition would have aided this court's understanding of the case. *See, e.g.*, *Sims v. State*, 2015 Ark. App. 11 (ordering rebriefing where appellant failed to include two petitions for revocation); *Massey v. State*, 2010 Ark. App. 683 (ordering rebriefing where appellant failed to include an amended information).

Further, text messages sent by S.C. to the victim were introduced into evidence as an exhibit. In its ruling, the trial court specifically referenced those text messages, noting that

they affected S.C.'s credibility. Although they are in the record, S.C. did not include them in her addendum. An addendum must include documents in the record that are essential for the appellate court to decide the issue on appeal, e.g., exhibits. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i). S.C. is ordered to include the text messages in her addendum.

The record shall be settled and supplemented within thirty days of this opinion. After the record is settled and a supplemental record is filed with this court, S.C. will be given fifteen days to file a substituted brief, abstract, and addendum. Ark. Sup. Ct. R. 4-2(b)(3) (affording an appellant the opportunity to cure any deficiencies). The State may revise or supplement its brief within fifteen days of the filing of S.C.'s substituted brief or may rely on its previously filed brief. Ark. Sup. Ct. R. 4-2(b)(3). We encourage counsel to review our rules and ensure that no further deficiencies, beyond those identified here, exist.

Remanded to settle and supplement the record; rebriefing ordered.

GRUBER and GLOVER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.