SLIP OPINION



Cite as 2015 Ark. App. 683

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-15-591

| | |
|---|---|
| LITTLE ANTONIO RAMIREZ<br>APPELLANT | **Opinion Delivered** December 2, 2015 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2013-1004] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

Appellant pleaded guilty on December 31, 2013, to use or possession with purpose to use drug paraphernalia. He was sentenced to three years' probation and ordered to pay a $750 fine. The State filed a petition to revoke appellant's probation on July 18, 2013, alleging that he had failed to comply with the terms and conditions thereof by (1) failing to pay fines, costs, and fees as directed; (2) failing to report to his probation officer as directed; (3) failing to pay probation fees; (4) failing to notify the sheriff and probation of his current address and employment; and (5) providing a false address to probation. The trial court revoked appellant's probation, finding that appellant failed to report to his probation officer as directed. On appeal, appellant argues that the trial court clearly erred in finding that he inexcusably failed to report. We find no error and affirm appellant's convictions.

A trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant

has inexcusably failed to comply with a condition of his probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). This court will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Owens v. State*, 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial court's superior position. *Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004). The State need only show that the appellant committed one violation in order to sustain a revocation. *Id.*

Appellant argues that there was insufficient evidence to show that the State proved that he had notice of specific appointment dates and thus that his failure to report to probation was inexcusable. Appellant's probation officer, Mary Marshall, testified that she had begun supervising appellant on December 31, 2013; that appellant had reported to her on January 8, 2014, and February 10, 2014; and that she had not had any contact with him since then. She said that on March 26, 2014, she called the number he provided to her and left him a message to call her for an appointment. Appellant did not call. On May 14, 2014, Ms. Marshall sent a letter to the address he provided stating that he had an appointment on May 20, 2014. Appellant did not report. Finally, Ms. Marshall testified that she visited appellant's last-known address on June 12, 2014, that appellant was not there, and that the occupant said she had no idea where he was.

Appellant testified that he knew he was required to report to probation and that he had not reported since February 2014. He testified that his father had passed away in November

SLIP OPINION

2013, but that they were not very close, and that his mother had passed away in January 2014. He provided no excuse for his failure to report to probation.

We hold that the circuit court did not clearly err in finding that appellant inexcusably failed to report to his probation officer as directed, and we affirm the revocation of his probation.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.