SLIP OPINION



Cite as 2016 Ark. App. 295

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–16–31

| | | |
|---|---|---|
| TABARICK SIMINGTON | | **Opinion Delivered** June 1, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE SHARP |
| V. | | COUNTY CIRCUIT COURT |
| | | [NOS. CR-2012-68 AND CR-2012-69] |
| STATE OF ARKANSAS | | HONORABLE HAROLD S. ERWIN, |
| | APPELLEE | JUDGE |
| | | REBRIEFING ORDERED |

## BART F. VIRDEN, Judge

On September 16, 2015, the Sharp County Circuit Court revoked Tabarick M. Simington's probation and sentenced him to a term of 180 months' imprisonment on one count of theft of property for 120 months; suspended imposition of sentence on a second count of theft of property; and found that Simington owed $145,000 in restitution. Simington appeals the revocation of his probation.

From the abstract, we can glean from the testimony that one of the terms and conditions of Simington's probation was to pay a fine, fees and restitution. The State filed a petition to revoke alleging that appellant had violated the conditions of his probation. After a hearing, the circuit court found that Simington had violated those conditions, revoked his probation, and sentenced him to a term of imprisonment and suspended imposition of sentence. Simington argues that the revocation is not supported by sufficient evidence of a

SLIP OPINION

violation. We order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(8) requires that the appellant submit an addendum containing all the relevant orders, pleadings, documents, and exhibits in the record that are essential to an understanding of the case. Specifically, Simington has failed to include in the addendum the order containing the terms and conditions of his probation; however, we encourage appellant to review our rules to ensure that no other deficiencies exist.

We have long held that the suspension or probation order and its terms or conditions are essential to our review of a revocation order based on a finding that those terms had been violated and that those items must therefore be included in the abstract or addendum. *See, e.g.*, *Taylor v. State*, 63 Ark. App. 82, 973 S.W.2d 840 (1998). An order cannot be reviewed for error when the addendum fails to include the documents on which the order was based. *Green v. State,* 2009 Ark. App. 519, at 3, 334 S.W.3d 418, 419.

In accord with our requirement that the party rebrief where essential materials have been omitted from the abstract and addendum, we allow appellant fifteen days from the date of this opinion in which to file a substituted brief, abstract, and addendum to cure any and all deficiencies, at his own expense. See Ark. Sup. Ct. R. 4–2(b)(3).

Rebriefing ordered.

VAUGHT and HOOFMAN, JJ., agree.

*R.T. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., and *Garrett Morgan*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.