BRANDON J. HARRISON, Judge
The Lafayette County Circuit Court revoked Quinton Rashad Brown's probation and sentenced him to five years' imprisonment. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Brown's attorney has filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Brown was notified of his right to file pro se points for reversal via certified mail, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.
*789 In January 2016, Brown was charged with two counts of delivery of methamphetamine or cocaine (CR-2016-2 and CR-2016-3). Brown pled guilty to both charges and received two sentences of five years' probation to run concurrently. The conditions of Brown's probation required that he not commit a criminal offense punishable by imprisonment and that he "not use, sell, distribute, or possess any controlled substance, or associate with any person who is participating in or known to participate in the illegal use, sale, distribution or possession of controlled substances." In May 2017, the State petitioned to revoke Brown's probation in both cases, alleging that he had failed to report to the supervising officer, failed to pay court-ordered financial obligations, and failed to pay probation-supervision fees. Brown once again entered a guilty plea, and his probation was reinstated.
In August 2017, the State again petitioned to revoke Brown's probation, alleging that he had committed the offense of breaking or entering, committed the offense of commercial burglary along with two other convicted felons, failed to pay court-ordered financial obligations, and failed to pay probation supervision fees. In September 2017, the State amended its petition to revoke, alleging that Brown had also committed the offenses of possession of marijuana with intent to deliver, fleeing, driving on a suspended driver's license, and reckless driving.
The circuit court convened a revocation hearing on 22 September 2017. Officer Jason Tomlin, the chief of police for the Lewisville Police Department, testified that he knew Brown and had arrested him several times. Tomlin explained that on 30 July 2017, he saw Brown driving with a passenger and knew that Brown had a suspended license; so he (Tomlin) got behind Brown and initiated a traffic stop. Instead of stopping, Brown sped away, and while following Brown, Tomlin observed Brown making movements with his left hand and then jumping from the driver's seat into the backseat. The passenger then moved over to the driver's seat and stopped the car. Tomlin smelled a strong odor of marijuana in the car and observed a bag containing a large amount of a green, leafy substance weighing 1.86 ounces. Brown was arrested for possession of marijuana with intent to deliver. On cross-examination, Tomlin clarified that Brown was also cited for reckless driving, fleeing, driving on a suspended license, window tint, and no insurance.
Officer Clay Rayburn, a Lafayette County probation officer, testified that Brown had reviewed and signed the conditions of his probation. Rayburn also explained that the State had petitioned to revoke Brown's probation based on the July 30 charges and a failure to pay fines and fees.
Trey Hill, the passenger in Brown's car on July 30, testified that he had been driving that day and that he and Brown had not switched seats. He also testified that he owned the marijuana that was found in the car.
In its oral ruling, the circuit court noted that another court had found probable cause to charge Brown with possession of a controlled substance with purpose to deliver. Based on that fact and the testimony presented at the hearing, the circuit court found, by a preponderance of the evidence, that Brown had violated the law and was therefore in violation of his probation. Brown was sentenced to two terms of five years' imprisonment, to run concurrently. He has timely appealed his sentences.
On appeal of a revocation, we review whether the circuit court's findings *790 are clearly against the preponderance of the evidence. Jones v. State , 2013 Ark. App. 466, 2013 WL 4766701. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. Id. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Joiner v. State , 2012 Ark. App. 380, 2012 WL 2129351. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. Richardson v. State , 85 Ark. App. 347, 157 S.W.3d 536 (2004).
Brown's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Id. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. Williams v. State , 2013 Ark. App. 323, 2013 WL 2112203.
In this case, counsel correctly notes that the only adverse ruling was the revocation of Brown's probation. Counsel contends that the State need only prove one violation and that the circuit court based its decision on testimony that Brown had possessed marijuana and been cited for fleeing and driving on a suspended license. Counsel asserts that the circuit court believed the testimony of Officer Tomlin and that the appellate courts defer to the circuit court's credibility determinations. See Kidwell v. State , 2017 Ark. App. 4, 511 S.W.3d 341.
We hold that any point raised on appeal would be wholly without merit. Marijuana is a schedule VI controlled substance, see Ark. Code Ann. § 5-64-215 (Repl. 2016), and it is unlawful for a person to possess a controlled substance. Ark. Code. Ann. § 5-64-419(a) (Repl. 2016). The circuit court heard sufficient evidence to find by a preponderance of the evidence that Brown had possessed marijuana and thus violated his probation by committing a criminal offense. We find compliance with Rule 4-3(k)(1) and Anders , affirm the revocation, and grant counsel's motion to withdraw.
Affirmed; motion to withdraw granted.
Gruber, C.J., and Brown, J., agree.