Cite as 2020 Ark. App. 441

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-972

| | |
|---|---|
| TANYA WARBRITTON<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 30, 2020<br><br>APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 11PCR-16-70]<br><br><br>HONORABLE PAMELA HONEYCUTT, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

Tanya Warbritton was sentenced to ten years' imprisonment and an additional ten years' suspended imposition of sentence by the Clay County Circuit Court after the court revoked her probation imposed for possession of drug paraphernalia to manufacture methamphetamine. Warbritton filed a timely notice of appeal, and her counsel has filed a motion to withdraw and a no-merit brief based on *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals. The motion is accompanied by an abstract and addendum of the proceedings below, which addresses all objections and motions decided adversely to Warbritton. Counsel asserts that there is no issue of arguable merit for an appeal. Warbritton was notified by certified mail of her counsel's motion and advised that she had thirty days to submit any

points for reversal. Warbritton did not file pro se points for reversal; thus, the State did not file a responsive pleading. We grant the motion to withdraw and affirm the revocation.

On July 17, 2017, Warbritton entered a negotiated plea of guilty to the charge of possession of drug paraphernalia to manufacture methamphetamine and was sentenced to five years' probation. She signed the conditions of suspended sentence or probation, which required her to report to her probation officer as directed, notify her probation officer in advance of any change of address or employment, refrain from associating with persons who have been convicted of felonies, and not possess or use illegal drugs, among other conditions.

On June 24, 2019, the State filed a petition to revoke Warbritton's probation alleging that she had failed to pay her court-ordered fines, fees, and costs as directed; failed to report to probation as directed; moved without reporting a new address to her probation officer; tested positive for drugs on several occasions; failed to maintain employment; failed to attend substance-abuse classes; and was arrested for new felony charges.

A hearing was held July 29, 2019, at which Justin Barnes testified that he was employed by Arkansas Community Correction as a probation and parole officer and that Warbritton was one of his probationers. Barnes testified that Warbritton violated the terms of her probation when she failed to report on September 27, 2017, and when she failed to appear in the Clay County Circuit Court on October 23, 2017. Barnes said Warbritton had failed numerous drug screens and that on July 19, 2017, Warbritton tested positive for methamphetamine, amphetamines, and benzodiazepines and that she signed a confession form admitting to using methamphetamine and Valium. Barnes also testified that on September 28, 2017, Warbritton tested positive for methamphetamine and THC and signed

2

a confession form and that on October 23, 2017, she admitted in court to using methamphetamine and THC. Barnes said Warbritton failed to produce proof that she had completed a substance-abuse assessment on December 4, 2018, and refused to go to any kind of treatment or rehab despite his repeated suggestion that she enter into a rehabilitation facility.

In addition to the drug and reporting violations, Barnes said that Warbritton failed to provide proof of employment on September 26, 2017, and December 4, 2018; lied to him about her residence on October 23, 2017; failed to pay for court costs and fines; and was in the company of, and living with, a felon who possessed a weapon on November 7, 2018.

Finally, Barnes testified that Warbritton violated her probation on November 7, 2018, when she was arrested for the offenses of possession of methamphetamine, possession with intent to deliver, possession of drug paraphernalia, possession of drug paraphernalia with the intent to manufacture, possession of a controlled substance, and possession of drug paraphernalia.

Warbritton testified that she had paid all fines, fees, and court costs for the matter but that she did owe over $1,000 in fees for a different case. She said that she was currently living with her mother, that she informed her probation officer of the move, and that she had been employed at Ariel Bouquets for several months. Warbritton admitted leaving the Agape House drug-counseling program because she did not like the way the staff spoke to her, but she stated that she would like to try some form of treatment. Warbritton said she had been on probation seven times and had been incarcerated in the Arkansas Department

3

of Correction three times. Warbritton testified that she was at the grocery store when the residence where she had been living was searched in November 2018. She stated that she did not know the home contained firearms and was residing there in order to take care of a sick neighbor. However, Warbritton admitted she had last used methamphetamine a couple of days before the hearing and that she tested positive that morning. She also admitted testing positive on both June 12 and 22, 2019, and she stated that she had a drug problem.

The circuit court found by a preponderance of the evidence that Warbritton had violated the conditions of her probation, specifically stating there was ample evidence of violations, including her failure to refrain from drug use and her failure to provide proof of completing substance-abuse counseling. The circuit court revoked Warbritton's probationary sentence and sentenced her to ten years' imprisonment in the Arkansas Department of Corrections and ten years' suspended imposition of sentence.

On appeal of a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. *Vail v. State*, 2019 Ark. App. 238. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id.* Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Joiner v. State*, 2012 Ark. App. 380. Proof of just one violation of the probation terms and conditions is sufficient to support revocation. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004).

In this case, there was sufficient evidence to support the revocation. Warbritton admitted using methamphetamine only days before the hearing and testing positive for

controlled substances on several occasions. Warbritton also admitted that she had not completed substance-abuse counseling. Because proof of just one violation of probation terms is sufficient to support a revocation, we hold that the circuit court's findings are not clearly against the preponderance of the evidence.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744; *Martin v. State*, 2017 Ark. App. 399, at 4.

There were no objections raised during the hearing, and the only issue is whether the evidence presented was sufficient for revocation. Therefore, we find compliance with Rule4–3(k)(1) and *Anders*, *supra*, and hold that there is no merit to this appeal. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

SWITZER and BROWN, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, Clay County Deputy Public Defender.

One brief only.

5