Edward Franklin HALEY *v.* STATE of Arkansas

CA CR 06-20 240 S.W.3d 615

Court of Appeals of Arkansas
Opinion delivered October 4, 2006

*Bradley D. Sipe*, Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellant Edward Franklin Haley appeals from the Izard County Circuit Court's order revoking his probation. On appeal, he claims that the circuit

court erred in allowing an uncounseled plea to form the sole basis for the revocation of his probation. We affirm.

Appellant pleaded guilty to sexual abuse in the first degree on August 1, 2002. He was placed on probation for sixty months. One condition of his probation was that he not commit a criminal offense punishable by imprisonment.

On or about April 22, 2005, appellant committed the crime of theft of property. Appellant, who was not represented by counsel, pleaded guilty in district court to the theft-of-property charge and was ordered to pay a fine. On May 27, 2005, the State filed a petition in circuit court for revocation against appellant based upon the theft-of-property charge.

At the hearing on the revocation petition, the circuit court heard testimony from Liz Lay, a Mountain View, Arkansas, police officer regarding the theft charge. Officer Lay testified that she had received a complaint regarding pictures of a teenage girl taken from a Wal-Mart store. Officer Lay explained that she confirmed with the store that appellant had wrongfully removed the pictures. When the officer contacted appellant, appellant stated that if he had pictures that were not his, he took them by mistake. Officer Lay further testified that when she advised appellant she would send someone to pick up the pictures, he objected, stating that some of the pictures were of a woman who knew he had taken the pictures. Officer Lay stated that she advised appellant at that time that he was not to have pictures of children. Appellant responded that the pictures were not of a child, but of a young woman. Officer Lay testified that appellant told the Wal-Mart photographer, when she asked if the pictures were of his granddaughter, that the pictures were of his helper. The pictures were subsequently retrieved from appellant, and he did not resist.

Appellant testified he would not have pleaded guilty to the theft charge had he known it would be used against him in the revocation hearing. He further testified that the prosecuting attorney told him it would be best for him to plead guilty.

By order of September 13, 2005, the circuit court found that the State proved by a preponderance of the evidence that appellant violated the terms of his probation, and appellant was sentenced to five years in the Arkansas Department of Correction. It is from this order that the appeal is taken.

In a probation-revocation hearing, the State must prove its case by a preponderance of the evidence. *Smith v. State*, 9 Ark.

App. 55, 652 S.W.2d 641 (1983). To revoke probation or a suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. Ark. Code Ann. § 5-4-309 (Supp. 2001); *Rudd v. State,* 76 Ark. App. 121, 61 S.W.3d 885 (2001). The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Id.* When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Lamb v. State,* 74 Ark. App. 245, 45 S.W.3d 869 (2001). Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Peterson v. State,* 81 Ark. App. 226, 100 S.W.3d 66 (2003).

The Arkansas Rules of Criminal Procedure require that a defendant be afforded counsel unless the judge in a misdemeanor proceeding determines that there is no possibility of imprisonment. Ark. R. Crim. P. 8.2(b) (2003). Appellant contends that even though he pleaded guilty to the theft of property misdemeanor, he did not violate the terms of his probation because he was not subject to imprisonment. He reasons that because he had not been appointed counsel, in district court he could not have been sentenced to prison under Rule 8.2(b). Further, because his probation condition only prohibited him from committing a criminal offense "punishable by imprisonment," he remained in compliance. However, it was possible, based upon the offense of theft of property, for appellant to have been imprisoned had he competently waived counsel, or if counsel had been appointed pursuant to Rule 8.2(b). Therefore, to claim that appellant could not violate his probation by committing the offense of theft of property is incorrect.

Also, appellant claims that the circuit court based its decision to revoke solely on an uncounseled misdemeanor conviction. He argues that in *Alexander v. State,* 258 Ark. 633, 527 S.W.2d 927 (1975), the Arkansas Supreme Court, quoting the United States Supreme Court in *Argersinger v. Hamlin,* 407 U.S. 25 (1972), stated that an uncounseled municipal court conviction cannot be used for the purpose of revoking a suspended sentence as the net effect thereof is "the actual deprivation of a person's liberty" without "the guiding hand of counsel." *Alexander,* 258 Ark. at 635, 527

S.W.2d at 929. However, the Arkansas Supreme Court went on to state, "Of course, this does not mean that the responsible officials cannot show that the facts giving rise to the municipal court conviction are sufficient themselves to revoke the suspended sentence." *Id.* at 637, 527 S.W.2d at 930.

 Here, the State presented evidence of the facts giving rise to the district court conviction sufficient to revoke the suspended sentence. This court will defer to the circuit court's superior position in determining the credibility of the witnesses, which included both the police officer and the appellant. The circuit court heard the testimony regarding the guilty plea, along with the testimony that led to appellant's arrest for theft of property. There was evidence before the circuit court that appellant, a registered level-three sex offender, took photographs of a teenage girl from a Wal-Mart store. The circuit court also heard evidence that appellant had seen the pictures at the store and told the Wal-Mart photographer that they were of appellant's helper who had worked for him earlier that morning. Therefore, we cannot say the circuit court solely relied upon the district-court judgment, and we hold that the circuit court's findings are not clearly against the preponderance of the evidence.

Affirmed.

ROBBINS and BAKER, JJ., agree.