2009 Ark. App. 451

**Rosemary BLAKES, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–16.**

Court of Appeals of Arkansas.

June 3, 2009.

Bart Ziegenhorn, West Memphis, for appellant.

Dustin McDaniel, Att'y Gen., by Christian Harris, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

|₁Appellant Rosemary Blakes appeals from the Crittenden County Circuit Court's revocation of her suspended sentence. On June 9, 2008, appellant's suspended sentence was revoked, and she was sentenced to six years' imprisonment for

breaking and entering and twelve years' imprisonment for her conviction on each of two counts of forgery, said sentences to run concurrently. She contends on appeal that the lower court erred in revoking her suspended sentence because the State failed to produce sufficient evidence to support the revocation petition. We disagree and affirm the revocation.[1]

## Statement of Facts

On September 29, 2006, appellant was sentenced to a six-year suspended sentence for breaking and entering. On May 30, 2007, appellant pled guilty to two counts of forgery and received a ten-year suspended sentence. The State filed a petition for revocation of the suspended imposition of sentence on March 18, 2008, alleging that appellant had violated the terms and conditions of her suspended sentence.

At the revocation hearing, the evidence was that appellant had been arrested while she was a passenger in a car driven by a friend. Her cousin was standing beside the driver's side window, and when police pulled up behind the car, appellant's cousin tossed something into the window. The driver was then seen stuffing what police believed to be crack cocaine into her sock. When the driver was searched, crack cocaine was found in her sock and marijuana was found in her waist band.

Appellant was observed by one police officer as having her hand down beside her right leg, between the door and the passenger seat. A search of the vehicle revealed a small amount of crack cocaine in the floorboard located between the passenger seat and the car door. Appellant testified that she was only receiving a ride from her cousin and his friend and was unaware that they were involved with crack cocaine. However, she also testified that she knew her cousin was a felon, that the neighborhood she was in had a reputation as a drug neighborhood, and that she did not leave the car when she had the chance to leave.

The trial court found that appellant was in violation of the terms and conditions of her suspended sentence. Specifically, the trial court found that the State had shown by the greater weight of the evidence that appellant associated with persons she knew to be involved in committing a crime and that she had reason to believe had been convicted of crimes. Appellant filed a timely notice of appeal, and this appeal followed.

## Standard of Review

In a hearing to revoke a probation or suspended imposition of sentence, the State must prove its case by a preponderance of the evidence. *Haley v. State,* 96 Ark.App. 256, 240 S.W.3d 615 (2006). To revoke probation or a suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. Ark.Code Ann. § 5–4–309 (Repl.2006); *Haley, supra.* The State

1. Appellant's brief does not comply with the Rules of the Arkansas Supreme Court and Court of Appeals, Rule 4–2(a)(8) (2004), in that the addendum lacks the conditions of the suspended imposition of sentence. Under Rule 4–2(b)(3), "If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case ... the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies." We are mindful of our supreme court's recent per curiam, *Roberts v. Roberts,* 2009 Ark. 306, 319 S.W.3d 234; however, we do not consider the deficiency herein to be such that this court cannot reach the merits of the case pursuant to Rule 4–2(b)(3). *See McGehee v. State,* 344 Ark. 602, 43 S.W.3d 125 (2001). Thus, we need not as is allowed by Rule 4–2(b)(3).

bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Id.* When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id.*

### Discussion

■ Appellant claims that the trial court erred in revoking her suspended imposition of sentence because the State failed to produce sufficient evidence to support the revocation petition. The State alleged that appellant possessed cocaine, associated with other felons, and associated with others violating criminal laws. The trial court revoked the suspended sentence based upon appellant's association with others committing crimes and others she had reason to believe had been convicted of a crime. Appellant argues that by not finding that appellant had constructive possession of the crack cocaine found in the car, the trial court could only rely upon the fact that she knew the other individuals were committing a crime and that she was associating with other felons. She claims that there was no proof that she was aware that the parties were in possession of drugs until they were arrested. Also, she claims that she believed that she was going to visit her cousin's mother in the hospital. She argues that the mere fact that her cousin is a felon and they were together should not be sufficient to revoke.

The State maintains that the trial court's revocation is supported by a preponderance of the evidence. The testimony before the trial court included that appellant accepted a ride from her cousin, a felon, and his friend, whom appellant knew to be involved in the drug trade. Further, appellant had been out with these people the night before the arrest. On the day of the arrest, appellant's cousin was seen by police throwing something to the driver of the car that appellant was riding in. A search of the driver led to police finding a package of cocaine in her sock and marijuana in her waistband. Appellant was seen moving her hand between the passenger seat and the door. When the car was searched, police found a rock of crack cocaine where appellant's hand had been. We hold that sufficient evidence supports the circuit court's ruling that appellant was guilty of associating with other felons and associating with others violating criminal laws.

Affirmed.

GRUBER and GLOVER, JJ., agree.