SLIP OPINION



Cite as 2013 Ark. App. 442

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–73

| | | |
|---|---|---|
| MANUEL D. ORTIZ | | **Opinion Delivered** August 28, 2013 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN |
| V. | | COUNTY CIRCUIT COURT, |
| | | FORT SMITH DISTRICT |
| | | [NO. CR–2012-229] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## ROBIN F. WYNNE, Judge

Manuel D. Ortiz appeals from the revocation of his suspended imposition of sentence (SIS), challenging the sufficiency of the evidence. We affirm.

On April 11, 2012, Ortiz pled guilty to second-degree battery, a Class D felony. He was sentenced to five years' SIS, with conditions including having no contact with the victim; paying restitution, a fine, and fees and costs; not violating any federal, state, or municipal law; refraining from associating with persons with criminal records, bad characters, or persons planning or encouraging the violation of any law; and not possessing or using firearms or any controlled substance.

On July 24, 2012, the State filed a petition to revoke appellant's SIS, alleging:

That on or about the 18th day of July, 2012, the Defendant committed the offenses of Engaging In Continuing Criminal Gang, Organization or Enterprise In the Second Degree, Unlawful Discharge of a Firearm from a Vehicle In the Second Degree, Felon In Possession of Firearm, Possession of Marijuana and Contributing to

SLIP OPINION


the Delinquency of a Minor while associating with persons of bad character or who were engaged in criminal activity in Sebastian County, Arkansas and said charges are currently pending in Sebastian County Circuit Court (CR-2012-660); that said conduct is in violation of the terms and conditions of Defendant's suspended sentence.

At the revocation hearing, the court heard the following testimony. Bridgett Rangel testified that she owned a clothing store at 1319 Greenwood Avenue and lived with her five-year-old daughter in an apartment above the store. On July 18, 2012, when she was getting ready to put her daughter to sleep, she heard a noise that she thought at first was fireworks but later realized was gunshots. She went to the window and saw a dark blue car that she recognized as appellant's making a left turn onto L Street "real fast." Rangel testified that she went downstairs to find the glass door to her shop shattered. Her brother, who lived next door and had had problems with appellant in the past, said, "Yeah, it was Tiny [appellant]." She testified that she believed she saw appellant driving the vehicle as it turned onto L, and she knew that appellant and other members of the SSL (South Side Locos) gang did not like her brother. In fact, she had seen appellant drive past earlier in the day and had been involved in an altercation between her brother and appellant and his gang about a month before this incident.

Several officers of the Fort Smith Police Department also testified. Roger Gordon testified that he responded to the call at 1319 Greenwood at about 10:15 p.m. While he was interviewing the victim, appellant's vehicle drove by going north on Greenwood. The car was stopped, and officers made contact with appellant, who was driving, and two passengers. In the search incident to arrest, the officers found a loaded .380 handgun and approximately fifteen grams of marijuana underneath the rear seat. Officer Billy Hardin testified that he

searched appellant's vehicle and in the front passenger seat found a black glove containing four .380-caliber cartridges. In investigating the crime scene, Officer Hardin found a shell casing and two bullet fragments in the road; both the ammunition and the empty casing were Winchester brand and the same caliber. In addition, Officer Hardin testified that he obtained a search warrant for appellant's phone and discovered a photograph of appellant's hand, identifiable by a tattoo on his index finger, holding a handgun.

At the conclusion of the hearing, the circuit court revoked appellant's SIS and sentenced him to six years in the Arkansas Department of Correction. On appeal, Ortiz claims that the circuit court erred in revoking his suspended imposition of sentence because the State failed to produce sufficient evidence to support the revocation petition.

If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension, the court may revoke the suspension at any time prior to the expiration of the period of suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Haley v. State*, 96 Ark. App. 256, 258, 240 S.W.3d 615, 617 (2006). When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Id*. Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id*.

Under these standards, there was sufficient evidence to support the finding that Ortiz violated the conditions of his SIS. The State presented evidence that the glass door of Bridgett Rangel's store front was shot out in a drive-by shooting; that she recognized appellant's car driving away from the scene; and that appellant was stopped a short time later with marijuana, a loaded gun, and ammunition matching the brand and caliber used in the shooting found in his vehicle. A search of appellant's phone revealed photos of appellant holding the gun. On this record, we hold that there was sufficient evidence for the trial court to find that appellant violated the conditions of his SIS.

Affirmed.

PITTMAN and GRUBER, JJ., agree.

*Daniel W. Marvin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.