

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-68

| | |
|---|---|
| | **Opinion Delivered** SEPTEMBER 25, 2013 |
| TONYA CHRISTINE MOTT<br>APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-09-57] |
| V. | |
| | HONORABLE GARY COTTRELL, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REVERSED AND DISMISSED |

**DAVID M. GLOVER, Judge**

The Crawford County Circuit Court revoked appellant Tonya Mott's probation. On appeal, Mott argues that the trial court erred in denying her motion to dismiss the State's revocation petition. She asserts that her probation was previously revoked and that she is no longer under any probationary sentence with a condition of restitution. Based on the facts of this particular case, Mott's argument is well taken, and we reverse and dismiss the revocation.

On August 21, 2009, Mott pleaded guilty to breaking or entering (a Class D felony) and theft of property (a Class C felony). She was sentenced to three years' probation; ordered to abide by specific conditions of probation (not germane to the issue on appeal); ordered to pay a $3500 fine and $170 in court costs, both suspended upon the successful completion of drug court; ordered to pay a $600 treatment fee, with $300 of the

treatment fee suspended upon furnishing a DNA sample and paying the fee; assessed a $25 monthly probation fee; ordered to provide a DNA sample for the crime lab and pay the $250 fee; and ordered to pay $3150 in restitution. A judgment and disposition order reflecting these findings was filed on September 8, 2009. On September 30, 2009, the State filed a petition to revoke Mott's probation, alleging that she had failed to abide by the terms and conditions of drug court, which was in violation of the terms and conditions of her probation. On November 18, 2009, a plea agreement was filed of record that provided:

> Now on this 18 day of November 2009, the defendant having previously entered a plea of resisting the Petition to Revoke filed herein by the State now changes her plea to not resisting the Petition to Revoke in consideration for the following agreed sentence:
>
> Two (2) years' incarceration in an Arkansas Regional Correction Facility.
>
> SPECIAL CONDITIONS
>
> 1. Defendant is to pay a $300 treatment fee at $50 per month sixty (60) days after release from incarceration.
>
> 2. Defendant's incarceration is to satisfy all fines, costs, ***probation***, and community service previously ordered in the above styled action.

(Emphasis added.)

A judgment and commitment order was filed on December 1, 2009. Then, an amended judgment and commitment order was filed on December 7, 2009, that reflected the plea agreement entered. The amended judgment and commitment order provided, "previously ordered fine, costs, DNA fee, DTF fee, and booking fee satisfied by pen time." It further stated, "***Probation also satisfied by pen sentence***." (Emphasis added.)

SLIP OPINION

The amended judgment and commitment order reflected that Mott owed restitution in the amount of $3450 (the original $3150 and an additional $300 treatment fee).

On June 24, 2011, the State filed a petition to revoke Mott's probation, alleging that Mott had been placed on probation in August 2009; that the probation was revoked and Mott was sentenced to two years in the Regional Correction Facility; that Mott was ordered to pay $3450 in restitution; that Mott had made no payments toward restitution; and that pursuant to Arkansas Code Annotated section 5-4-303 her probation should be revoked. Mott filed a motion to dismiss the State's petition to revoke on the basis that the trial court had previously ordered that her probation was satisfied by her incarceration when the trial court originally revoked her probation and sentenced her to two years in the Regional Correction Facility. The trial court denied Mott's motion to dismiss and, after holding a hearing, revoked her probation and sentenced her to another two years in the Regional Correction Facility. Mott has filed this timely appeal.

In revocation proceedings, the State has the burden of proving that the defendant violated the terms of her probation, as alleged in the revocation petition, by a preponderance of the evidence; this court will not reverse a trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998). When appealing a revocation, it is the appellant's burden to prove that the trial court's findings were clearly against the preponderance of the evidence. *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001).

Here, the State contends that the circuit court retained jurisdiction under Arkansas Code Annotated section 5-4-303(h)(2) (Repl. 2006)[1] to revoke Mott on the basis of nonpayment of restitution, even though her period of probation had been terminated by an intervening revocation. This statutory provision provides:

> If the court has suspended imposition of sentence or placed a defendant on probation conditioned upon the defendant making restitution and the defendant has not satisfactorily made all of his or her payments when the probation period has ended, the court may:
>
> (A) Continue to assert the court's jurisdiction over the recalcitrant defendant; and
> (B) Either:
> (i) Extend the probation period as the court deems necessary; or
> (ii) Revoke the defendant's suspended sentence.

Neither of these alternatives are applicable to the present case. The probation period did not end due to the passage of time—it was revoked. Because Mott's probation was revoked and the trial court specifically provided that the incarceration from that revocation satisfied probation, there was no probationary period left to extend, and there was no probation to revoke.

The State also cites *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993), and *Smith v. State*, 83 Ark. App. 48, 115 S.W.3d 820 (2003), in support of its position that the trial court correctly revoked Mott's probation. We find those cases to be distinguishable. In *Kyle*, the appellant received a five-year suspended imposition of sentence, supervised probation for one-and-one-half years, and was ordered to pay restitution of $5789.70 in

---

[1] This code provision was recodified in 2011 as Arkansas Code Annotated section 16-93-311.

February 1985. In 1986, the State filed a petition to revoke the suspended sentence for failure to pay restitution; this petition was denied. The State filed a second petition to revoke in 1989 on the basis that Kyle was not paying restitution in a timely manner; this petition was eventually withdrawn by the State. The State filed a third revocation petition in September 1991, after the expiration of the five-year suspended sentence, alleging that Kyle had stopped making restitution payments. The trial court, relying on Arkansas Code Annotated section 5-4-303(f) (1987),[2] extended Kyle's probation period until such time as the restitution was paid in full. Our supreme court affirmed the trial court's decision, holding that the trial court did not err in extending the probationary period beyond the original period until restitution was made in full.

In *Smith*, the defendant was placed on five years' probation in June 1995. The State filed a petition to revoke in January 1997 based on Smith's failure to make restitution payments; but due to Smith's failure to appear and his requests for continuances, the hearing was not held until 2002, outside the period of probation. The trial court determined that it retained jurisdiction over Smith pursuant to Arkansas Code Annotated section 5-4–303(h)(2) (Supp. 2001) due to the fact that Smith had not satisfactorily made his restitution payments.

---

[2]This statutory provision provided, in pertinent part, "If the court has suspended the imposition of sentence or placed a defendant on probation conditioned upon him making restitution or reparation and the defendant has not satisfactorily made all his payments when the probation period has ended, the court shall have the authority to continue to assert its jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence."

Here, the State argues that Mott is in the same position as if her probation period had simply run its course and she had not made restitution, and the State retains jurisdiction under Arkansas Code Annotated section 5-4-303(h)(2) (Repl. 2006). We disagree. In *Kyle* and *Smith*, the probation periods were never revoked—probation simply expired by lapse of time in *Smith*, and probation was not revoked but extended until restitution was made in *Kyle*. Neither situation occurred here. Mott's probation was revoked, and she was sentenced to two years in the Regional Correctional Facility. The judgment and commitment order entered upon her revocation specifically provided that probation was satisfied by the "pen sentence." Thus, there is no longer any probation left for the trial court to revoke after that judgment and commitment order. We hold that the trial court erred in revoking Mott's probation because there was no longer any probation to revoke—it had been satisfied by order of the court when she was sentenced to two years in the Regional Correctional Facility in 2009.

Reversed and dismissed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.