

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–245

| | | |
|---|---|---|
| KELVIN STEPPS | | **Opinion Delivered** November 6, 2013 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NOS. CR–01–674–2, CR–02–565–2] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

### BILL H. WALMSLEY, Judge

The Jefferson County Circuit Court found that appellant Kelvin Stepps violated the terms and conditions of his probation and, upon revocation, sentenced him to three years' imprisonment. Defense counsel has filed a motion to withdraw on the basis that there is no merit to an appeal. We affirm the order of revocation and grant counsel's motion to withdraw.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, counsel's motion to withdraw was accompanied by a brief that lists all rulings that were adverse to Stepps with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Stepps was provided with a copy of counsel's brief and notified of his right to file pro se points for reversal. Stepps has not filed any points.

SLIP OPINION

On March 8, 2002, Stepps pleaded guilty to second-degree battery (CR 2001-674-2) and was sentenced to three years' probation. He was ordered to complete 120 hours of community service and to pay fines, costs, and restitution. The State filed a petition to revoke on May 30, 2002, alleging various violations of the conditions of Stepps's probation, including that he had committed another offense. On July 8, 2002, Stepps pleaded guilty to second-degree forgery (CR 2002-565-2), and his probation was restarted for another three-year period, running concurrently with CR 2001-674-2. The State filed another petition to revoke on September 9, 2003, alleging failure to report and pay fees. A bench warrant was issued for Stepps's arrest, but it was not served until November 17, 2008. On April 7, 2009, the trial court placed Stepps on five years' probation. On November 18, 2009, the State filed another petition to revoke, alleging various violations, and Stepps's probation was restarted as of September 30, 2010.

On July 27, 2011, the State filed its fourth petition to revoke, alleging that Stepps had violated the conditions of his probation by failing to report, absconding, failing to pay fees and restitution, and failing to complete community-service hours.

At the revocation hearing, Brooke Norsworthy, Stepps's probation officer, testified that she had read and explained the conditions of probation to Stepps and that he had indicated that he understood by placing his initials beside each condition. Norsworthy stated that, when warrants were served on Stepps, he would begin reporting and otherwise comply with the conditions of his probation, but after each revocation hearing, he would fall into a pattern of noncompliance. Norsworthy testified that Stepps failed to report in September, October, and

December of 2010 and January, February, March, May, and June of 2011. Stepps did not report from June 28, 2011, through April 6, 2012, when the last warrant was served. Norsworthy testified that Stepps still owed $3,813.98 to the sheriff's office and had forty-eight hours of community service to complete. As for Stepps's transportation issues, Norsworthy stated that she had submitted a transfer request but that it was denied due to Stepps's noncompliance.

Stepps testified that he knew that the conditions of his probation were not optional. He admitted that he had failed to report for extended periods of time. Stepps insisted, however, that he had contacted the probation office and informed them that he had transportation problems. Stepps stated that he was aware of his financial condition in September 2010 when he promised the court he would pay $50 every two weeks but that his circumstances had changed. He explained that his car had broken down; however, he did not lose his job because he took the bus to work. Stepps stated that what stopped him from abiding by the conditions of his probation was having to report to the probation office, leaving work early, and taking off work to go to court.

In revocation proceedings, the State must prove its case by a preponderance of the evidence. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006). The State bears the burden of proof, but need only prove that the appellant inexcusably violated one condition of probation. *Hunter v. State*, 2013 Ark. App. 387. We do not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Id*. This court defers to the circuit court's superior position to determine credibility and the weight to be accorded

3

testimony. *Id.*

Norsworthy testified to several violations, and Stepps admitted that he had violated the conditions of his probation. A preponderance of the evidence supports the circuit court's decision to revoke Stepps's probation. We agree with counsel that there is no meritorious ground for reversal on the sufficiency of evidence supporting the revocation.

There were two adverse rulings at the revocation hearing. First, counsel objected to a recitation of Stepps's probation history as irrelevant. The circuit court overruled the objection. Second, the prosecutor posed a question that counsel objected to as having been asked and answered, and the circuit court overruled the objection. The circuit court has considerable discretion to control the introduction of evidence at a revocation hearing because the rules of evidence are not strictly applicable in such proceedings. Ark. R. Evid. 1101(b)(3). We agree with counsel that these adverse rulings would not support reversal.

From our review of the record and counsel's brief, we find that counsel has complied with Rule 4–3(k) and that the appeal is wholly without merit. Therefore, we affirm the order of revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HIXSON and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

No response.