SLIP OPINION

Cite as 2013 Ark. App. 626

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–206

| | |
|---|---|
| | **Opinion Delivered** November 6, 2013 |
| STEPHEN BRIAN COLE<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR–2010–109–IV] |
| V. | HONORABLE MARCIA HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REMANDED FOR SUPPLEMENTATION OF THE ADDENDUM |

**ROBERT J. GLADWIN, Chief Judge**

Stephen Brian Cole appeals the revocation of his probation in the Garland County Circuit Court, wherein he was sentenced to 120 months' imprisonment in the Arkansas Department of Correction. We do not rule on the merits of his argument because we must remand for supplementation of the addendum.

In revocation proceedings, the State has the burden of proving that the defendant violated the terms of his probation, as alleged in the revocation petition, by a preponderance of the evidence; this court will not reverse a trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Mott v. State*, 2013 Ark. App. 529. When appealing a revocation, it is the appellant's burden to prove that the trial court's findings were clearly against the preponderance of the evidence. *Id.* The State bears the burden of proof,

but need only prove that the defendant committed one violation of the conditions. *Ortiz v. State*, 2013 Ark. App. 442.

Cole contends that the State failed to introduce sufficient evidence that he violated a condition of his probation that required him to obtain permission before leaving his reported residence for an extended time. However, the conditions of Cole's probation are not included in complete form in the addendum of his appellate brief. There are several pleadings that should have been included in the addendum but were not, including, but not limited to (1) findings of fact, filed November 2, 2012; (2) the signature page of the sentencing order; (3) pages 2 and 3 of the judgment and conditions of probation, filed November 8, 2010 (which includes the specific condition at issue); (4) the petition to show cause, filed May 7, 2012 (which is the revocation petition); and (5) the violation report, filed April 26, 2012. These documents are essential for this court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(8)(A) (2012). Accordingly, Cole has seven days to provide the additional materials from the record to the members of the appellate court. Ark. Sup. Ct. R. 4–2(b)(4). We encourage review of our rules to ensure that no other deficiencies are present.

Remanded for supplementation of the addendum.

PITTMAN and WOOD, JJ., agree.

*Gary J. Barrett*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.