SLIP OPINION



Cite as 2013 Ark. App. 722

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–553

| | | |
|---|---|---|
| LEON JACKSON | | **Opinion Delivered** December 11, 2013 |
| | APPELLANT | |
| | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46cr-2011-535-3-1] |
| V. | | |
| | | HONORABLE JOE GRIFFIN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Leon Jackson appeals the revocation of his probation by the Miller County Circuit Court. His sole argument on appeal is that the trial court erred by violating his Sixth Amendment rights under the United States Constitution to confront the witnesses whose testimony was used against him. We affirm.

Upon pleading guilty to fourteen offenses, including theft offenses and breaking or entering, appellant was placed on probation for ninety-six months on November 28, 2011. The State filed an amended petition to revoke his probation on February 21, 2013. The grounds for the petition were that appellant had violated the law, failed to report to his probation officer as directed, failed to pay his court-ordered obligations, and failed to pay his probation fee.

The hearing included specific testimony from appellant's probation officer, Laura Hanna, regarding his failure to pay fines and restitution as specifically set forth in the

SLIP OPINION

December 14, 2011 judgment and disposition order, his failure to report, multiple arrests and outstanding warrants during his probationary period, and his testing positive for cocaine. The hearing also produced significant testimony about the alleged jail rape of an inmate by appellant. The trial court focused its decision on the failure to comply with orders regarding fines and reporting, but also found that appellant did rape an inmate. Appellant's probation was revoked, and he was sentenced to a total of twenty-six years in the Arkansas Department of Correction pursuant to a sentencing order filed on March 12, 2013. He filed a timely notice of appeal on March 25, 2013.

In a hearing to revoke a probation or suspended imposition of sentence, the State must prove its case by a preponderance of the evidence. *Gasca v. State*, 2013 Ark. App. 214. To revoke probation or a suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. *Id*. The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006). When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Id*.

Appellant argues that he was denied his Sixth Amendment rights under the United States Constitution to confront the witnesses whose testimony was used against him at the hearing regarding the alleged jail rape of an inmate. However, this court will affirm when



the appellant fails to attack the trial court's independent, alternate grounds for revocation. *Moore v. State*, 2013 Ark. App. 159, at 2–3. Because appellant does not challenge the independent, alternate grounds that were also the bases of the decision to revoke, we affirm.

Affirmed.

WALMSLEY and GRUBER, JJ., agree.

*Phillip A. McGough, P.A.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.