

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-360

| | |
|---|---|
| JASON CARL HAYES<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 11, 2013<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NOS. CR-2011-310-4; CR-2012-158-4]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal from a conditional plea of no contest to a charge of possessing and viewing child pornography in violation of Ark. Code Ann. § 5-27-602 (Repl. 2006), and from the revocation of appellant's prior probation for failure to register as a sex offender. The revocation was based on the no-contest plea.

Two search warrants were issued in this case, one to search appellant's house and another to search the contents of his cell phone and a laptop computer. Motions to suppress evidence discovered as a result of those searches were denied. On appeal, appellant argues that (1) the trial court erred in denying the motion to suppress the first search warrant because the photographs turned over to the police by an informant did not contain any "lewd display" in violation of the statute, and thus did not give rise to probable cause to search; (2) the second search warrant was improper because it failed to specify with sufficient

SLIP OPINION

particularity the items to be searched; and (3) the trial court erred in interpreting the term "lewd display" for purposes of the revocation to include photographs of nude children engaging in nonsexual behavior. We affirm.

Because points one and three require the same analysis regarding what constitutes a "lewd display," we address them together. When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006). Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation. *Id*. Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id*. In reviewing the denial of a motion to suppress evidence, the appellate court conducts a de novo review based on the totality of the circumstances set forth in the affidavit and will reverse only if the trial court's ruling is clearly against the preponderance of the evidence. *Collins v. State*, 2013 Ark. App. 399. Appellate review of the existence of probable cause to support a search or seizure is liberal rather than strict. *Id*.

Arkansas Code Annotated section 5-27-602 (Repl. 2006) provides:

(a) A person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly:

(1) Receives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct; or

2



(2) Possesses or views through any means, including on the internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.

(b) Distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child is a:

(1) Class C felony for the first offense; and

(2) Class B felony for any subsequent offense.

(c) It is an affirmative defense to a prosecution under this section that the defendant in good faith reasonably believed that the person depicted in the matter was seventeen (17) years of age or older.

Pursuant to Ark. Code Ann. § 5-27-601(15)(F), "sexually explicit conduct" includes lewd exhibition of the genitals or pubic area of any person or breasts of a female.

An informant came to the police station and told police that appellant had shown him disturbing photographs on his cell phone. Without appellant's knowledge, the informant copied the images to his own cell phone and showed them to the police. The images displayed frontal nudity of very young girls including their pubic area and their breasts. A search warrant was issued, and appellant's cell phone was seized. The photographs brought in by the informant were all found on appellant's telephone seized in the search of his home, along with additional images of similar character.

In a case where, as here, it was argued that nudity was not lewd in the absence of salacious conduct by the young subjects, the supreme court said:

[T]he scenes depicted in the videotapes show full frontal nudity of C.G. One of the photographs featured on the website partially shows C.G.'s breast; another photograph shows C.G.'s pubic area. Since C.G. was thirteen years old at the time of trial, it is clear that she was no older than thirteen years old at the time she was

photographed and videotaped. There is substantial evidence from which the jury could conclude that the scenes depicted in the videotape and the photographs depicted on the website were "lewd" . . . .

*Cummings v. State*, 353 Ark. 618, 630, 110 S.W.3d 272, 279 (2003). The supreme court also noted in that case that a determination of lewdness is ultimately based on whether the combined effect of the photograph is designed to elicit a sexual response in a pedophile viewer. *See id*. In this context, it is significant that appellant here admitted that he masturbated while looking at the photographs in question, and identified which of them was his "favorite" for that purpose. Under this precedent, the photographs turned over to the police provided both probable cause for the search of his home and sufficient evidence to support his revocation.[1]

In point two, appellant argues that the second search warrant— to permit the Arkansas State Police Fusion Center to search the contents of the telephone seized in the search of appellant's home—was void because it did not describe with particularity the items to be searched. That is not an accurate statement of the facts. The second warrant did describe appellant's cell phone by appearance, model, and serial number. The description was precise. The problem was that the officer typing the affidavit was using an earlier document as a form, cutting-and-pasting into it the information relevant to appellant's case. In the process of doing so, the officer testified, he inadvertently left in some of the information from the

---

[1]Appellant also makes a First Amendment argument to the effect that the interpretation of "lewd" adopted by Arkansas courts infringes on First Amendment rights. Although appellant did argue below that the court was applying an overbroad definition, the First Amendment was not implicated, and appellant never argued below that the definition of lewd was constitutionally invalid. Thus, this argument is not preserved for appeal.

original document that did not apply to appellant's cell phone. So, the defect at issue is not imprecision but instead is over-inclusion in that some information relating to a laptop computer and a defendant named Chiaello found its way into the warrant permitting the Fusion Center to search appellant's phone.

In reviewing the denial of a motion to suppress evidence, the appellate court conducts a de novo review based on the totality of the circumstances set forth in the affidavit and will reverse only if the trial court's ruling is clearly against the preponderance of the evidence. *Collins v. State*, 2013 Ark. App. 399. Arkansas Rules of Criminal Procedure 13.1(b) and 13.2(b) require that the application for a search warrant and the warrant describe with particularity the persons or places to be searched and the persons or things to be seized. In deciding whether a particular description is sufficient, reviewing courts must use common sense and not subject the description to hypercritical review. *Simmons v. State*, 2009 Ark. App. 705. Here, the record shows that appellant's cell phone was already in the possession of the Fusion Center when the warrant to search its contents was being typed. Thus, there was no danger of anything being seized that had not already been seized by the government, and there is no allegation or indication that any of the evidence introduced at the hearing came from any source other than appellant's cell phone. Under these circumstances, we hold that the typographical errors posed no invasive threat that the State would seize property that was not already in its possession, and appellant suffered no prejudice.

Affirmed.
HARRISON and WYNNE, JJ., agree.
*Rebekah J. Kennedy*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

5