# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–502

| | | |
|---|---|---|
| JOHNNY WILLIAMS | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR–2011-50-3B] |
| V. | | |
| | | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | | AFFIRMED; MOTION TO |
| | APPELLEE | WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Chief Judge**

Johnny Williams appeals the May 7, 2013 revocation of his probation in the Drew County Circuit Court, and at the same time, his counsel seeks withdrawal, urging this court to find no merit to the appeal. We affirm the revocation and grant counsel's motion to withdraw.

Appellant pled guilty on January 1, 2011, to residential burglary and theft of property and was sentenced to concurrent terms of thirty-six months' probation on each count. A revocation petition was filed on July 9, 2012, alleging that appellant had violated the following conditions of his probation: (#1) not committing a crime punishable by confinement in jail or prison; (#10) reporting to his probation officer; (#11) paying his probationary fees; (#15) paying his court costs; and (#16) paying the DNA testing fee. The probation officer's violation report included the allegation that appellant was arrested on May 25, 2012, for burglary and felon in possession of a firearm, along with the allegation that he

violated each of the conditions as listed above. An identical revocation petition was filed on January 28, 2013.

At the hearing on May 3, 2013, probation officer Allison Bishop testified that appellant did not report in February and March of 2012, and had not reported since May 2012. She also testified that appellant was behind in his payments on his court costs. She admitted on cross-examination that had appellant not received a new criminal charge, she would not have filed a revocation petition based on his failure to report in February and March 2012. However, she testified that appellant was incarcerated on that new charge from May through September 2012, but had not reported to her since September 2, 2012.

Appellant testified that it was true that he did not report in February and March 2012. He also stated on cross-examination that he did not meet with his probation officer as required. He explained that he did not report after September 2012 because a petition for revocation had been filed, and he did not believe he was required to do so. He further stated that he was currently in jail after being picked up on a warrant for failing to appear for a court date.

The trial court found that the State proved that appellant violated the conditions of his probation by failing to report. The court also found that he had not paid his supervision fees, court costs, or DNA fees. Accordingly, appellant's probation was revoked and he was sentenced to ten years' imprisonment.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) (2013) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel filed a

motion to withdraw on the ground that appellant's appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided appellant with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Appellant filed pro se points, and the State Attorney General filed a brief in response, as required by Arkansas Supreme Court Rule 4–3, in which it concurs that appellant's appeal is without merit.

In a hearing to revoke a probation or suspended imposition of sentence, the State must prove its case by a preponderance of the evidence. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006). To revoke probation or a suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. Ark. Code Ann. § 5–4–309 (Repl. 2006); *Haley, supra.* The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Haley, supra.* When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id.*

Counsel contends that appellant's appeal presents no issues of merit. He points to the probation officer's testimony that appellant failed to report to her as well as appellant's testimony that he failed to report. Counsel argues that the trial court's ruling was supported by sufficient evidence.

Appellant claims in his pro se points for reversal that he was not represented correctly by his lawyer. He also argues that the criminal charges that instigated the revocation petition were not pursued against him. He contends that the circuit judge presiding over his revocation hearing was not the same judge who sentenced him to probation. He also accuses the trial judge of having personal problems and exhibiting violence. Finally, he contends that there were mistakes in the paperwork and discrepancies in the probation officer's testimony regarding his address and the last time he reported to her.

The State maintains that none of appellant's points are preserved or have merit and his revocation should be affirmed. We agree. Pursuant to *Mace v. State*, 2012 Ark. App. 420, ___ S.W.3d ___, appellant's ineffective-assistance-of-counsel argument was not made below and cannot be reached on direct appeal. We also note that appellant's argument regarding his new criminal charge is misplaced, as the criminal charge was withdrawn as a basis for revocation prior to the hearing. Appellant's argument regarding the circuit judge was not made below and not preserved for appellate review.

Finally, violation of any one of the conditions of probation can support the revocation, and when a party appealing leaves an alternate, independent ground unchallenged, the circuit court's ruling must be affirmed. *Gasca v. State*, 2013 Ark. App. 214.

Because appellant does not address the grounds found for violation of conditions numbered 11, 15, and 16, this court must affirm.

Affirmed; motion to withdraw granted.

PITTMAN and WHITEAKER, JJ., agree.

*Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.