ROBERT J. GLADWIN, Chief Judge. h Stephen Brian Cole appeals the revocation of his probation in the Garland County Circuit Court, where he was sentenced to 120 months’ imprisonment in the Arkansas Department of Correction. On appeal, he argues that the State failed to introduce substantial evidence that he violated a condition of his probation. We affirm. On March 8, 2010, Cole was charged with domestic battery in the second degree. An order for a mental-health evaluation was entered on March 30, 2010. On August 20, 2010, Dr. Paul Deyoub’s forensic — evaluation report was filed with the court. Dr. Deyoub concluded that Cole did not suffer from a mental disease or defect and could assist in his defense. Cole pled guilty to second-degree domestic battery on November 8, 2010, after admitting to causing serious physical injury to his sixty-four-year-old mother. Pursuant to the plea agreement, he received five years’ probation with the condition, among others, that |2he receive mental-health treatment. He was examined at the Arkansas State Hospital, and that forensic report was filed on November 30, 2010. The report concluded that Cole did not suffer from a mental disease or defect. Cole then began a course of treatment through Day Springs Behavioral Health Services in Hot Springs. On June 11, 2011, Karen S. Wright of Day Springs wrote to Donnie March of the Garland County Probation Office informing him of Cole’s continued treatment at Day Springs. The record shows no other treatment or release by Day Springs. On August 29, 2011, Cole petitioned for relief from supervision, but the State objected, citing the special conditions of Cole’s probation and the violent nature of his offense. After a hearing, the petition was denied by order filed September 23, 2011. On March 2, 2012, Cole again petitioned for relief from supervision, claiming that medication was the cause of his prior bad behavior. The State filed a response objecting for the same reasons it had objected to the first petition. While the second motion for relief from supervision was pending, the State filed a petition to show cause on May 7, 2012, alleging that Cole’s probation should be revoked because he had violated a condition of his probation that required him to obtain prior approval before leaving his residence for an extended period of time. The condition states as follows: 8. You must keep your current residential address with the Clerk of this Court [2nd Floor, Garland County Courthouse, Room 207, phone number (501) 622-3760] at all times while you are on probation. In addition, you must notify your supervising officer in advance of any change of address, employment, telephone number, or family status. Prior approval from a ^supervising officer is required for you to change or stay away on an extended basis from your place of residence or to quit your employment. At the revocation hearing on August 7, 2012, Brent Scrimshire, a probation officer in Garland County, testified that he had supervised Cole’s probation. He explained that Cole’s supervision was minimum, which required Cole to report to probation every three months. He said that one condition of Cole’s probation was to notify probation of any address change. On April 20, 2012, Cole’s mother had contacted Scrimshire stating that Cole needed to go to a treatment center in California. Scrimshire told her that it could be done the following week, but not without permission from Scrimshire’s supervisor. On April 25, 2012, Cole’s mother went to Scrimshire’s office and told him that Cole was in California. Mr. Jonathan Gervasi from A Better Tomorrow in Murrieta, California, sent Scrimshire paperwork confirming that Cole was admitted to that facility. Scrimshire did not approve Cole’s travel to California or his admission into that facility. He said that after he had verified the information, he filed the violation report, and, at first sighting, Cole was arrested. Cole’s mother, Lois Cole, testified about her son’s mental-health treatment following his placement on probation. She said that she made the decision for her son to go to California. She told the facility in California that her son could not get a travel pass, and she was told that they would not be able to hold a place for her son if she did not bring him right away. She stated that she did not realize that they were running the risk of having her son put in jail because the facility in California told her that their legal department would take care of it. | ,tAt the close of the evidence, Cole asked that the petition be dismissed because there had not been a showing of a willful violation of the court’s rules. The circuit court denied the motion. Cole testified at a sentencing hearing held September 4, 2012, and he explained his mental-health condition, acknowledged his mistake “with the hospital in California,” and sought another chance to adhere to the conditions of his probation. At the disposition hearing on October 30, 2012, the circuit court revoked Cole’s probation and sentenced him to ten years’ imprisonment. The circuit court filed findings of fact, which stated that the Defendant violated Condition Number 8 of his conditions of probation by leaving his approved residence without prior approval of his probation officer. Defendant left the State of Arkansas and traveled to California without permission on or about April 25, 2012, while on probation. From the sentencing order, Cole filed a timely notice of appeal, and this appeal followed. In revocation proceedings, the State has the burden of proving that the defendant violated the terms of his probation, as alleged in the revocation petition, by a preponderance of the evidence; this court will not reverse a circuit court’s decision to revoke unless it is clearly against the preponderance of the evidence. Mott v. State, 2013 Ark. App. 529, 2013 WL 5371938. When appealing a revocation, it is the appellant’s burden to prove that the circuit court’s findings were clearly against the preponderance of the evidence. Id. The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. Ortiz v. State, 2013 Ark. App. 442, 2013 WL 4557505. Cole contends that the State failed to introduce substantial evidence that he had violated the condition of his probation that required him to notify his supervising officer in |fiadvance of any change of address and to get prior approval from a supervising officer to change, or stay away on an extended basis from, his place of residence. He claims that the record is void of any testimony that he permanently changed his address. He contends that his scheduled stay at the California facility was for twenty-eight days. He notes that because he was on minimum supervision, his scheduled appointment with probation would have been June 13, 2012. He argues that he would have been discharged from the California facility on May 20, 2012, had he stayed the scheduled twenty-eight days. Thus, he would have been back to his permanent residence before his scheduled meeting with Scrimshire. He asserts that his move was not permanent. He contends that the trial court’s reasoning “flies in the face” of what he was trying to do — rehabilitate himself by seeking treatment at the California facility. Further, he maintains that there is no requirement in Condition # 8 that he notify the probation office that he is leaving his approved residence. He argues that the only time approval from a supervising officer is necessary is for a change of his approved address or for his plans to stay away on an extended basis. Because he was in California only for fifteen days, he maintains that he was not away for an extended time. Finally, he argues that if there was a violation, it was excusable because he was continuing to seek treatment, which was part of the original terms of probation. The State contends that the revocation is supported by a preponderance of the evidence, citing Scrimshire’s and Lois Cole’s testimony as set forth above. We agree that the circuit court’s decision is not clearly against the preponderance of the evidence. Condition |fi# 8 requires that Cole obtain prior approval to stay away from his place of residence on an extended basis. He failed to do this, and that was a clear violation of his probation. Affirmed. PITTMAN, WYNNE, WHITEAKER, WOOD, and BROWN, JJ., agree. HARRISON, VAUGHT, and HIXSON, JJ., dissent.