SLIP OPINION

Cite as 2014 Ark. App. 641

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–340

RICHARD BRIAN FORD

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** November 12, 2014

APPEAL FROM THE POLK COUNTY CIRCUIT COURT
[NO. CR–2012-0080-1]

HONORABLE J.W. LOONEY, JUDGE

AFFIRMED

**PHILLIP T. WHITEAKER, Judge**

Appellant Richard Ford pleaded guilty to two counts of breaking or entering. Based upon his plea, the Polk County Circuit Court sentenced him to forty-eight months' supervised probation. As conditions of his probation, Ford was ordered to pay fines, fees, costs, and restitution totaling $1,945.75. Ford was also ordered to comply with the terms and conditions of his probation, which included living a law-abiding life and refraining from using or possessing any scheduled controlled substances.[1] The State subsequently filed a petition to revoke Ford's probation, alleging that he had failed to pay his fines, costs, and restitution; failed to lead a law-abiding life and commit no offense punishable by imprisonment; and failed to refrain from using or possessing controlled substances. After a

---

[1]At some point after his guilty plea, Ford moved to Oklahoma, and his probation supervision was transferred there.

SLIP OPINION

hearing, the circuit court revoked Ford's probation and sentenced him to seventy-two months in the Arkansas Department of Correction. On appeal, Ford's sole argument is that the evidence was insufficient to support the revocation of his probation. We find no error and affirm.

In a probation-revocation hearing, the State bears the burden of proof by a preponderance of the evidence. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006). The State may meet its burden by proving that the defendant committed one violation of the conditions. *Id*. To revoke probation or a suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. *Id*. When appealing a revocation, the appellant has the burden of showing that the trial court's findings are clearly against the preponderance of the evidence. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Dotson v. State*, 2014 Ark. App. 456.

At the revocation hearing, Ford's Arkansas probation officer, Vici Fenwick, testified about Ford's payment history on the fees and restitution that had been ordered. She also testified that she had received a violation report from Oklahoma indicating that Ford had been arrested for possession of a controlled substance, driving a motor vehicle under the influence of drugs, and possession of drug paraphernalia. Fenwick further noted that Ford

was also on probation in Oklahoma at the time he was arrested. In his own testimony, Ford admitted that he was on probation in Oklahoma in "five or six cases."

Based on the testimony, the circuit court ruled that "obviously there have been other charges in Oklahoma that are relevant because that indicates a failure to lead a law-abiding life." The court therefore revoked Ford's probation and sentenced him to six years in the Arkansas Department of Correction.

On appeal, Ford argues that there was insufficient evidence to support the revocation of his probation. He complains that there were "no eye witnesses" or testimony from anyone involved in the Oklahoma incident, and therefore, there was no evidence of his failure to live a law-abiding life. We disagree. Ford did not object to Fenwick's testimony outlining the details of his arrest. Moreover, he admitted that he was on probation in Oklahoma for "five or six" burglary cases. Based on this evidence, the court's finding that Ford violated the terms and conditions of his probation was not clearly against the preponderance of the evidence.[2]

Affirmed.

HIXSON and BROWN, JJ., agree.

*Randy Rainwater*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

---

[2]Because the State need only prove that the defendant violated one condition of his probation in order to revoke that probation, *see Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004), we do not address Ford's failure to pay his fines, fees, costs, and restitution.